## VINSON CLARKSON'S LESSEE v. JOHN STEVENS and GEORGE LOGAN, admitted co-defendant as landlord.

Supreme Court.   March, 1808.

*Wells' Notebook, 360.*

*Cooper* and *Wells* for plaintiff.   *Horsey* and *Robinson* for defendant.

The plaintiff claimed as tenant in tail under the will of William Clarkson, his great grandfather.   The land was devised in tail to Beniah, the son of William.   Upon the death of William, Beniah came into possession.   Upon the death of Beniah, his eldest son, Willis, came into possession and aliened without recovery.   Vincent, the lessor of the plaintiff, is Willis's eldest son.

After the plaintiff had gone through with his testimony, the defendant demurred to the evidence, assigning as the ground of the demurrer: First, it ought to have been proved, and it has not been proved, that William Clarkson, the testator, died seised. Second, it has not been proved that the lessor of the plaintiff is the heir in tail.   Third, having proved that the mother was alive, she ought to have been adduced to prove the lessor of the plaintiff the eldest son living of Willis.   Fourth, it was necessary to prove that the plaintiff was of age, and it has been proved that he is under age.   Fifth, the plaintiff has not proved the inception of his title from the Proprietor.

The counsel declined arguing these points, on the ground that the Supreme Court had formerly decided that the inception of the title from the Proprietor was necessary to be shown.   The Court gave judgment against the plaintiff upon this ground principally, with an expectation that the question would be carried to the Court of Appeals.

Copy of the will of William Clarkson was offered in evidence under the hand and seal of John Cropper, Recorder of Wills of Dorchester County. It was objected by defendants that this paper was not exemplified in the manner prescribed by the Act of Congress [2 U.S.Laws 102]. The plaintiff's counsel insisted that it was in the form prescribed by our own acts, see 1 Del.Laws 449, respecting wills executed out of the government. *Vide, Burton's Lessee v. Burton,* and *Adams v. Griffith.*

PER CURIAM. JOHNS, C. J. Under the Act of Assembly, 1 Del. Laws 449, the paper is evidence. There are no negative words in the Act of Congress which can exclude any testimony which would have been competent before. The Act of Congress goes to prescribe one mode by which papers could be authenticated in the different states, but it does not abrogate those laws which had prescribed another mode.